## Commonwealth ex rel. Harter v. Bobby.

*Service, McNeal & Buckley,* for petitioner; *L. R. Rickert,* for respondent.

McLAUGHRY, P. J., May 18, 1928.—This proceeding was brought under the Act of June 14, 1836, P. L. 623, which provides that writs of *quo warranto* shall issue "in case any person shall usurp, intrude into or unlawfully hold or exercise any county or township office within the respective county."

The affidavit of *quo warranto* was made by O. A. Harter, and in the same he asks that one Andrew Bobby show cause by what authority he exercises the duties of the office of Councilman of the 4th Ward of the Borough of Farrell; and he further asks for a judgment of ouster against the said Andrew Bobby from said office of councilman, and that the court make an order upon the election board to issue to the said O. A. Harter a certificate of election, and direct that the said O. A. Harter be authorized to carry out the duties of the said office.

From the pleadings and the arguments of counsel, it is apparent that the authority of the court to oust the said Andrew Bobby from the office of councilman in said ward is based upon the contention that he did not receive the highest number of votes cast at the election. It appears that there are two precincts in the said 4th Ward of Farrell and that the return made by the election board shows that Andrew Bobby did receive the highest number of votes cast in the said 4th Ward, after adding the number cast in the 1st Precinct to the number cast in the 2nd Precinct, and the said Andrew Bobby assumed the duties of the office and was properly sworn in as a member of Council of the Borough of Farrell. Taking the result of the election in said 4th Ward as returned by the election officers, there is no ground for the request that the said Andrew Bobby be ousted from the office of councilman.

It seems that after the election held on Nov. 8, 1927, when the said Andrew Bobby and O. A. Harter were candidates for the office of councilman in said 4th Ward, a petition was presented by qualified electors of the 1st Precinct of the 4th Ward requesting that ballot-box in said precinct be opened under the provisions of the Act of April 23, 1927, P. L. 360, and that, as a result of said proceedings in the Court of Common Pleas, it was shown, and appears on record, there was a total vote for Andrew Bobby of 272 votes and for O. A. Harter 254 votes. We are now asked to take this result as found in the report of the persons appointed by the court to compute and canvass the votes under the provisions of said Act of 1927, and add the same to the number of votes reported by the election board in the 2nd Precinct of the 4th Ward, showing a result of 474 votes for Andrew Bobby and 501 votes for O. A. Harter, making a plurality for the said O. A. Harter over Andrew Bobby of 27 votes. It is, therefore, claimed that the said Andrew Bobby is illegally holding the office of councilman. In other words, we are asked to find that the computation of votes made by the election officers in the 1st Precinct is an incorrect computation and that the 2nd Precinct is a correct computation of the votes cast.

The first question to be determined is whether or not the computation made under the provisions of the Act of 1927 can be taken as a final adjudication of the results of the election and be substituted for the return made by the election board. We are of the opinion that this was not the purpose of the Act of 1927, and there is nothing in the act that would give the court the power to make such a substitution. The third section of the act of assembly says: "If upon opening any ballot-box under the provisions of this act it shall appear that fraud or substantial error was committed in the computation of the vote cast in the ballots contained therein, or fraud in the marking of the ballots contained therein, or otherwise in connection with such ballots, it shall be the duty of the court to certify to the prothonotary such fact."

This part of the act of assembly, together with the fact that the first section requires that the petitioners must set forth "that they believe that fraud was committed," leads to the conclusion that the entire purpose of the Act of Assembly of 1927 was to ascertain whether or not there was foundation for a criminal charge against the persons having charge of the election. Section 5 of the act sets forth what shall be done in case the ballot-box was opened under the provisions of the act before completion of the computation and canvassing of all of the returns of the county, but this has no application in this case. Outside of section 5, there is nothing that even requires that any report be made of the number of votes cast for individual candidates. It requires only that the question be determined as to whether or not there was fraud or substantial error committed, and if such was the case to certify this fact to

the prothonotary and to "make such order as shall be appropriate to enable the ballot-box and the contents thereof to be available as evidence in any prosecution which may be begun against any person, or persons, alleged to be guilty of such fraud."

We think the court is without power to substitute the computation of the votes in the 1st Precinct as set forth in the report made under the provisions of the Act of 1927 for that made by the election board; and if we cannot do this, we are unable to say that Andrew Bobby is unlawfully holding the office of Councilman in the Borough of Farrell.

It may be said that this would be permitting Andrew Bobby to remain in office while O. A. Harter had received the greater number of votes. We cannot say this for a certainty. The only way to determine this would be to have a recount of the 2nd Precinct, as well as the 1st Precinct. The legislature has made provision specially provided for cases where there are two claimants for the same office, provided that action is commenced within a certain time fixed by the legislature. There are, no doubt, many instances where persons are holding offices who did not receive the highest number of votes actually cast, those who had charge of the election having reported otherwise, and no action having been brought within a fixed time, the computation of the votes as reported by the election board is presumably correct and the person declared to be elected is legally performing the duties of the office.

There are other questions raised in this case which we think unnecessary to discuss after reaching the foregoing conclusion as to the purpose and intent of the Act of April 23, 1927.

*Order.*—And now, May 18, 1928, this matter came on to be heard on pleadings and arguments of counsel, and for the reason stated in the foregoing opinion, the rule heretofore granted is dismissed, and it is ordered that the costs be paid by the petitioner, O. A. Harter.

From W. G. Barker, Mercer, Pa.